893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett Rocklin JACKSON, Plaintiff-Appellant,
v.
Francis J. WREN; M. Chambers; J. Montange, Sgt.; D.
Lucas; Wayne County Sheriff's Department,
Defendants-Appellees.
 No. 89-1666.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Everett Rocklin Jackson, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson was at the Detroit, Michigan International Airport and was en route to boarding a commercial flight to Miami, Florida when he submitted his briefcase to an x-ray scanning. After viewing the briefcase twice, the x-ray technician requested the assistance of sheriff's deputy defendant Wren when she could not discern the contents of the briefcase. Wren asked Jackson to open the briefcase; this visual inspection revealed $30,900 in cash. Jackson and his companion were then taken by defendants Chambers and Montange to the sheriff's field office to await the arrival of a Drug Enforcement Agency (DEA) agent and a drug detecting dog. Upon arrival, the dog reacted positively to Jackson's briefcase at which time Jackson was taken into custody and transported to the DEA office.
 
 
 3
 Later, Jackson filed the instant complaint alleging his fourth amendment rights were violated because: 1) his briefcase was illegally searched and seized; 2) he was detained at the sheriff's office for over two hours; and 3) his money was illegally forfeited. The magistrate recommended the defendants' motion for summary judgment be granted finding that both the search and seizure as well as Jackson's detention were reasonable under the circumstances. The district court adopted the magistrate's recommendation over Jackson's objections.
 
 
 4
 On appeal, Jackson reasserts his claims and requests the appointment of counsel. Both parties have filed briefs.
 
 
 5
 Upon review, we deny the request for appointment of counsel and affirm the district court's judgment. Jackson's briefcase was not illegally searched because by placing the briefcase on the x-ray conveyor belt, Jackson impliedly consented to a visual inspection and a limited hand search of the case if the x-ray scan proved inconclusive. See United States v. Pulido-Baquerizo, 800 F.2d 899, 901 (9th Cir.1986). Moreover, once Jackson placed the case on the conveyor belt, he could not revoke his consent and remove the case when defendant Wren elected to conduct a search. See United States v. Herzbrun, 723 F.2d 773, 776 (11th Cir.1984).
 
 
 6
 Nor was Jackson illegally detained because the defendants had a reasonable and articulable suspicion that Jackson was engaged in criminal activity. See United States v. Knox, 839 F.2d 285, 289-90 (6th Cir.1988), cert. denied, 109 S.Ct. 1742 (1989). Jackson was attempting to board the plane at the last minute; he was going to Miami, a drug source city; he was traveling with a large sum of money; and he was strongly opposed to his briefcase being opened and in fact, attempted to leave the area after Wren told him his briefcase would have to be opened. Under these circumstances, we conclude that Jackson's brief investigatory detention was constitutionally permissible.
 
 
 7
 We also conclude that Jackson's detention for over two hours was not unreasonable. After the search, Jackson was immediately transported to the sheriff's field office. While en route to the office, the DEA was contacted and advised to send an agent with a drug detecting dog. Upon arrival, the dog reacted positively to Jackson's briefcase, and at that time Jackson was taken into custody and transported to the DEA offices. Under the circumstances, we conclude that the defendants acted diligently and that the detention lasted only long enough to allow defendants to confirm their suspicions. See United States v. Sharpe, 470 U.S. 675, 686 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983).
 
 
 8
 Finally, the defendants had no personal involvement in the forfeiture of Jackson's monies as the record indicates that the forfeiture proceedings were initiated by the state of Michigan. Thus, the defendants were entitled to judgment as to this claim as well.
 
 
 9
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.